FILED: NEW YORK COUNTY CLERK 03/08/2022 04:56 PM
NYSCEF DOC. NO. 1

INDEX NO. 152045/2022
RECEIVED NYSCEF: 03/10/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

CHRISTINE M. BARNWELL,

            Plaintiff(s),

-against-

TARGET CORP. and JANE DOE,

            Defendant(s).

---

Index No.:

Basis of Venue: Plaintiff's residence

Designated County for trial: New York

## SUMMONS IN A CIVIL ACTION

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff/Plaintiff's Attorney(s) within twenty (20) days after service of this summons, exclusive of the day of service, where service is made upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: White Plains, New York
      March 8, 2022

                      Yours etc,

                      LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.

                      BY: _____
                      John V. Tait, Esq.
                      203 East Post Road
                      White Plains, New York 10601
                      Tel: (914) 574 8330
                      Fax: (914) 358-5379

TO: Target Corp.
Target Plaza
1000 Nicollet Mall
Minneapolis, Minnesota, U.S.

FILED: NEW YORK COUNTY CLERK 03/08/2022 04:56 PM
NYSCEF DOC. NO. 1

INDEX NO. 152045/2022
RECEIVED NYSCEF: 03/10/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

CHRISTINE M. BARNWELL,

                    Plaintiff(s),

    -against-

TARGET CORP. and JANE DOE,

                    Defendant(s).

---

Index No.:

VERIFIED COMPLAINT

### JURY TRIAL DEMANDED

Plaintiffs, by and through her undersigned counsel, allege as follows:

1. Defendant Target Corp. is, and at all time relevant herein was, a domestic corporation existing under and by virtue of the laws of the State of New York.

2. Upon information and belief, defendant Jane Doe, is and at all times relevant herein was, a resident of the State of New York. ,

3. Plaintiff is, and at all times relevant herein was a resident of the State and County of New York.

4. At all times relevant herein, Defendant Target Corp. operated a retail store located at 150 East 86th Street, New York, NY 10028 (hereinafter "Premises").

5. That at all times mentioned herein, Target Corp., by its agents, servants, employees and/or licensees managed the Premise.

6. That at all times mentioned herein, Target Corp., by its agents, servants, employees and/or licensees operated the Premise.

7. That at all times mentioned herein, Target Corp., by its agents, servants, employees and/or licensees controlled the Premise.

FILED: NEW YORK COUNTY CLERK 03/08/2022 04:56 PM
NYSCEF DOC. NO. 1

INDEX NO. 152045/2022
RECEIVED NYSCEF: 03/10/2022

8. That at all times mentioned herein, Target Corp., by its agents, servants, employees and/or licensees controlled the Premise.

9. That at all times mentioned herein, Target Corp., had a duty to keep the Premises safe for its customers.

10. That on December 31, 2021, between 7:30 p.m. and 8:30 p.m., plaintiff was assaulted and battered by Jane Doe inside the Premises.

11. On or prior to December 31, 2021, Target Corp. had actual knowledge of the violent propensities of Jane Doe.

12. Upon information and belief, Jane Doe had assaults other customers inside the Premises prior to December 31, 2021.

13. That on December 31, 2021, between 7:30 p.m. and 8:30 p.m., Target Corp. knew Jane Doe was on the Premises and posed a significant risk of harm to Plaintiff.

14. That on December 31, 2021, Target Corp. failed to warn Plaintiff on the significant risk she faced while on the Premises.

15. That on December 31, 2021, Target Corp. failed to protect Plaintiff from the significant risk she faced while on the Premises.

## COUNT I: ASSAULT AND BATTERY

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

17. On or about December 31, 2021, at approximately 7:30 to 8:30 p.m., Defendant Jane Doe instigated a physical confrontation with Plaintiff by making verbally provocative statements.

18. After instigating a physical confrontation, defendant Jane Doe assaulted, battered and attacked the Plaintiff, and continued to repeatedly strike the Plaintiff used excessive and unnecessary force without cause or justification and without Plaintiff's consent.

19. On the aforesaid date, time and place, defendant Jane Doe willfully subjected the Plaintiff to physical force, and assaulted and battered the Plaintiff.

20. The aforesaid actions done by Defendant Jane Doe were done maliciously with the specific intent to injure and harm Plaintiff.

21. As a result of the foregoing, Plaintiff was caused to sustain personal injuries and has been rendered sore and lame, the full extent of which is not yet known, she has been caused to incur the costs of medical treatment and caused to lose wages and has been caused to endure pain, suffering, disability, emotional shock and suffering as a result of the foregoing actions and upon information and belief, some of these injuries are permanent.

22. Solely as a result of the foregoing, Plaintiff has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations, and avocations, she has in the past and will in the future suffer loss of income, and has and will incur other pecuniary losses.

23. Defendants are jointly and severally liable.

24. One or more of the exceptions to CPLR Article 16 applies.

25. The amounts sought herein exceed the jurisdictional limits of all courts of inferior jurisdiction.

**COUNT II: NEGLIGENCE**

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

27. Upon information and belief, at all times relevant herein, defendant Target Corp. employed security guards to protect customers, including Plaintiff.

28. Upon information and belief, Defendant was negligent and careless in their hiring, training, supervision and discipline of their employees.

29. Upon information and belief, Defendant and its security guards had knowledge of Jane Doe's imminent threat to plaintiff.

30. Defendant and its security guards took no action to protect plaintiff.

31. Defendant Target Corp. and its security guards took no action to stop the assault on plaintiff by Jane Doe.

32. The aforementioned negligence and employment of improperly trained security guards caused the security personnel to improperly and negligently act in responding to Plaintiff's assault and caused Jane Doe to continue to assault and batter Plaintiff.

33. Plaintiff's aforesaid damages and injuries were caused by and through the aforesaid negligence of Target Corp.

34. Defendants are jointly and severally liable for the damages complained of herein.

WHEREFORE, Plaintiff demands judgment against the defendants in an amount to be determined by the trier of fact, for compensatory, punitive and exemplary damages.

Dated: White Plains, N.Y.
       March 8, 2022

Yours etc,

LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.

BY: _____
John V. Tait, Esq.
203 East Post Road
White Plains, New York 10601
Tel: (914) 574 8330

